PEOPLE v. SHERWIN, appellant, *et al.*

*Wrongful conversion — title.*

Certain drafts, sent to the State treasurer by county treasurers, in payment of taxes, and being in the State treasury, were wrongfully converted by the defendant, who showed no title in himself. *Held*, that he was a mere wrong-doer, without title; and that the possessory title of the people was sufficient to sustain an action for the conversion of the drafts.

APPEAL from an order of the special term, December 26, 1873, denying defendants' motion to vacate an order of arrest. The action is for the conversion of certain drafts, the property of

People v. Sherwin.

plaintiffs. The order of arrest was made on October 18, 1873. The affidavits, on which it was granted, charge the defendant with having wrongfully collected and received the money, or converted to his own use, three drafts, the property of plaintiffs, as follows : A draft of $15,000, drawn about the 25th of August, 1873, by the Merchants' National Bank of Poughkeepsie, on the National Bank of the Commonwealth, of the city of New York, to the order of the treasurer of the State of New York, indorsed for the State treasurer by C. H. Phelps, cashier, to Charles Hudson, cashier; a draft of $20,000, dated September 11, 1873, drawn by the First National Bank of Buffalo on the Fourth National Bank of the city of New York, to the order of R. Porter Lee, teller, by him indorsed to the comptroller of the State; by the latter indorsed to Thomas Raines, treasurer, and then indorsed by Fulton Paul, deputy treasurer, to Charles Hudson, cashier, or order ; and a draft for $20,000, drawn about September 11, 1873, by the Farmers and Mechanics' National Bank of Buffalo, on the Merchants' National Bank of New York, to the order of the comptroller of the State ; by him indorsed to the treasurer of the State; and then indorsed by Fulton Paul, deputy treasurer, to the order of Charles Hudson, cashier.

The affidavits state that these were, on certain days, in the State treasury; that the indorsements thereon by Phelps and Paul, respectively, were without authority; that Hudson was the cashier of the defendant Sherwin, who had wrongfully received the same from Phelps, etc.

The attorney-general, for the purposes of the motion to vacate the order of arrest, admitted, by his stipulation, that these drafts were procured and transmitted to the State treasurer by county treasurers, in order to pay State taxes due from them to the State.

*Saloman & Burke,* for appellant. The State had no title to these drafts, and no authority to sue for their conversion.

It was no part of the duties of the State treasurer to accept these drafts, and collect them for the county treasurers, in order to place the money into the State treasury. The duty of paying that money into the State treasury devolved upon the county treasurers, and the acts of the State treasurer in that respect, while not unlawful, were not official, and did not change the title or ownership of the drafts from the county treasurers to the State.

Such drafts, not being expressly authorized by law, must be held

to be a mere private device of the county treasurers; proper enough, if through them the money actually reaches the State treasury, but which cannot and do not themselves become the property of the State, but remain at the risk, and consequently the property of the county treasurers, or their counties, until the money is paid thereon into the State treasury or depository. 1 R. S. 177, §§ 1–12, chapter 427, Laws of 1855, necessarily repeals chapter 44, Laws of 1843.

*Francis C. Barlow*, attorney-general, for the people.

DONOHUE, J. This is an appeal from an order denying a motion to discharge from arrest. The facts on which the order of arrest was granted are, that the defendant converted certain drafts in the hands of the agents of the State to his own use. There is no question raised but that the drafts had been sent to and received by the State officers in payment of taxes. The defendant attempts to make no title in himself.

Without discussing the mode in which taxes should be paid, and denying the State the use of the ordinary commercial mode of receiving payment of its debts, it is enough to say that the defendant stands in no position to question the plaintiff's title. He is a mere wrong-doer, without title, and the possessory title of the plaintiff is sufficient to sustain this action. 1 Tur. & Gran. 150; 1 Exch. 70; 5 Ellis & Blackb. 802. The order appealed from should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

*Order affirmed.*